**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and ALLSTATE INDEMNITY COMPANY.**

      **Plaintiffs,**

 vs.                   1:21-CV-1194
                         (TJM/CFH)

**CARL FREDERICKS, JUDITH FREDERICKS, ERIC JONES, MAURA HARRINGTON, and MARYANN HARRINGTON,**

      **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## ORDER

  This case arises out of a disagreement between neighbors. Defendants Carl Fredericks and Judith Fredericks lived on the opposite side of Van Hoesen Road in Castleton, New York from Defendants Eric Jones, Maura Harrington, and MaryAnn Harrington. Carl and Judith Fredericks complained that their neighbors violated town ordinances by erecting an oversized fence and operating an unlicensed business. According to Jones and Maura and MaryAnn Harrington, the Fredericks responded by harassing them. The Fredericks, their neighbors complained, set up a loudspeaker aimed at their home and played music loudly, intending to disrupt their lives. The Fredericks also allegedly harassed their neighbors in other intentional ways, such as blocking the road when workers came to pave their driveway and engaging in intimidating conduct that

1

scared home health care aides who came to serve MaryAnn Harrington. Jones and the Harringtons eventually filed a complaint in the Supreme Court of Rensselaer County, New York. See dkt. # 1-4. That complaint alleged that the Fredericks had created a nuisance, tortiously interfered with Jones' and Maura Harrington's businesses, and intentionally caused emotional distress. Id. They sought compensatory and punitive damages from the Fredericks, as well as injunctions.

The Plaintiffs, Allstate Vehicle and Property Insurance Company and Allstate Indemnity Company ("Allstate"), provided the Fredericks with homeowner's insurance and a personal umbrella policy ("PUP"). See Complaint ("Complt."), dkt. #1, at ¶¶ 10-11. According to the Complaint in this matter, Carl and Ruth Fredericks informed Allstate of the claim against them on August 6, 2021. Id. at ¶ 19. Allstate sent a Disclaimer of Coverage letter on August 27, 2021. Id. at ¶ 20. Allstate informed the Fredericks that their polices did not cover injuries caused by the policy holders' intentional acts. Id. at ¶¶ 21-22. Since the allegations in the Rensselaer County complaint grew out of the Fredericks' intentional acts, Allstate informed them that the insurer would neither defend nor indemnify them on the claims. Id. Allstate then filed the instant action, seeking a declaratory judgment that confirmed that Allstate had no obligation to defend or indemnify the Fredericks in the state-court case.

Allstate named the Fredericks, Jones, Maura Harrington, and MaryAnn Harrington as Defendants in this case. Allstate served the Defendants, and Jones and the two Harringtons answered the Complaint. See dkt. #s 6-9. Neither Carl nor Judith Fredericks answered, despite being served. See dkt. #s 10-11. On February 14, 2022, Allstate requested that the Clerk of Court enter default against those Defendants. See dkt. # 17.

The Clerk of Court entered default on that date. See dkt. # 18. Allstate then filed a motion for default judgment. See dkt. # 20.

"[A] default is an admission of all well-pleaded facts against the defaulting party." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 246 (2d Cir. 2004). "Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded an opportunity to contest the amount claimed." Cement Worker Dist. Council Welfare Fund v. Metro Found. Contrs., Inc., 699 F.3d 230, 234 (2d Cir. 2012). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence based upon evidence presented at a hearing or upon review of detailed affidavits and documentary evidence." Id.

No evidentiary hearing is necessary to resolve the issues before the Court. The issues in this matter are legal ones involving whether Allstate has an obligation to provide coverage to the Fredericks. The Court has examined the papers in this case, which include the insurance contracts at issue, the state-court complaint, and Allstate's disclaimer letter. The Fredericks did not answer the Complaint, and the well-pleaded allegations in the Complaint establish that Allstate do not have an obligation to defend or indemnify the Fredericks with respect to the underlying state-court case. The conduct that the state-court case alleged was intentional, and the relevant policy provisions do not provide coverage for intentional acts.[1]

---

[1] The Court notes that Jones and the Harringtons did not default in this matter. The Court will not enter any judgment on claims involving them, as they have expressed a desire to defend and counterclaim in this matter. Plaintiffs argue that a lack of coverage on the underlying policies should preclude any third-party recovery from the policies. The

Therefore, Plaintiffs' Motion for Default Judgment, dkt. # 20, is hereby **GRANTED** in part. Plaintiffs have requested that the Court issue a declaratory judgment, and the Court will do so as appropriate. The Court makes the following findings:

1. Allstate has no obligation to defend or indemnify Carl Fredericks in connection with the underlying action captioned <u>Jones v. Fredericks</u>, index no. EF2021-269516, in the Supreme Court of Rensselaer County, New York or any other occurrence, claim or suit arising from the incidents described in the underlying action under the Allstate Homeowners and PUP policies referenced in this action and issued to Carl Fredericks and/or Judith Fredericks;

2. Allstate has no obligation to defend or indemnify Judith Fredericks in connection with the underlying action captioned <u>Jones v. Fredericks</u>, index no. EF2021-269516, in the Supreme Court of Rensselaer County, New York or any other occurrence, claim or suit arising from the incidents described in the underlying action under the Allstate Homeowners and PUP policies referenced in this action and issued to Carl Fredericks and/or Judith Fredericks;

3. Allstate may withdraw from the defense of Carl Fredericks in the underlying action captioned <u>Jones v. Fredericks</u>, index no. EF2021-269516, in the Supreme Court of Rensselaer County, New York; and

4. Allstate may withdraw from the defense of Judith Fredericks in the

---

Fredericks failure to act, however, is their failing, not the other Defendants'. Jones and the Harringtons did not default, and the Court will not enter default judgment against them.

underlying action captioned <u>Jones v. Fredericks</u>, index no. EF2021-269516, in the Supreme Court of Rensselaer County, New York.

**IT IS SO ORDERED.**

**Dated: September 29, 2022**

Thomas J. McAvoy
Senior, U.S. District Judge